AMY, J.,
dissenting.
14 respectfully dissent from the majority opinion as I find that an affirmation is required. As noted by the majority, plaintiffs pursuing workers’ compensation death benefits must demonstrate, by a preponderance of the evidence, causation between the work-related accident and the death. See McKelvey v. City of Dequincy, 07-604 (La.App. 3 Cir. 11/14/07), 970 So.2d 682. In my opinion, the slim record before this court indicates that the workers’ compensation judge correctly determined that the submissions were deficient on the Issue of causation. Even upon consideration of the employer’s evidence (e.g., the coroner’s deposition, toxicology report, and prescription logs), I do not find that genuine issues of material fact exist as to this element. At most, the coroner generally expressed the probability that prescription medication caused the decedent’s death. However, there is no evidence placing the death within the context of the workers’ compensation claim or the treatment received by the claimant as a result thereof. In short, the plaintiffs have failed to produce factual support indicating that they “will be able to satisfy their evidentiary burden of proof at trial” on the issue of causation. See La.Code Civ.P. art. 966(C)(2).
For.these reasons, I would affirm the workers’ compensation judge’s ruling.